## NORVILLE *v.* COBLE AND SHAFFNER.

COUNTY COURT. *Jurisdiction to sell lands to pay debts.* The County Court has jurisdiction to sell land to pay the debts of an estate where the insufficiency of the personal assets is stated in the bill, and the fact is shown by an administration account taken for the purpose, and having jurisdiction of the subject matter and the parties, mere irregularities will not avoid the proceedings.

### FROM BEDFORD.

Appeal from the Chancery Court at Shelbyville. A. S. MARKS, Ch.

WISENER & SON for complainant.

COLDWELL for defendants.

COOPER, J., delivered the opinion of the court.

Prior to the year 1865, John B. Snelling died intestate, leaving two children, Mary A., the wife of John S. Norville, and William L. Snelling, his only heirs. Daniel P. Searcy qualified as administrator of his estate. On the 7th of October, 1865, a bill or petition was filed in the County Court by Daniel P. Searcy, as such administrator, and John S. Norville and Mary A. his wife, stating the foregoing facts, that the personal assets which had come to the administrator's hands were about $700, while the debts were something over $1,000, and adding as the averment of the administrator: "He is now satisfied that the personal estate will fall short of paying the debts by

30

about $300, and this does not include the cost of administration, which will be about $———," and he is advised that it will be necessary to sell the land of the estate. Norville and wife say for themselves, that when the land is sold and the debts and expenses paid, they ask that the money be divided between them and their brother, William L. Snelling. All the parties say, "they therefore ask for a sale of the land." William L. Snelling, an infant, and E. M. B. Norville, his general guardian, are made defendants, and process was issued and duly executed upon them. The guardian filed an answer under oath, in which he says, that if any of the land has to be sold to pay debts, it would be best to sell all, as it would bring more money in his opinion, the tract consisting of about ninety acres. Such proceedings were had that an administration account was taken showing an excess of debts over personal assets of $260.73, and the entire land was ordered to be sold, and was sold to John D. Coble and P. W. Shaffner.

There are irregularities in the proceedings, but these will not affect the validity of the proceedings, if the court had jurisdiction. *Kindell* v. *Titus*, 9 Heis., 727.

On the 8th of March, 1870, the bill before us was filed by John S. Norville and wife, and William L. Snelling against Coble and Shaffner to have the proceedings in the County Court declared void, and set aside as a cloud upon the title of the complainants as heirs of John B. Snelling, deceased.

The main ground of the bill is, that the case made before the County Court did not give that court

jurisdiction. Norville and wife add, "that they were not parties to said bill, and if they were, the proceedings thereunder being void, Mrs. Norville, at least, would not be divested of her interest or title thereby.

No particular stress has been laid in argument upon the latter ground, because the proof clearly shows that the proceedings were authorized by the husband, and were carried on with the knowledge of husband and wife.

The allegation is, moreover, too weak to raise an issue of fraud. The bill was drafted upon the theory that the County Court had no jurisdiction to sell real estate to pay debts, except upon a formal suggestion of the insolvency of the estate, and such was the opinion of the Chancellor. But this court has come to a different conclusion. _Burgner_ v. _Burgner_, 11 Heis., 729; _Kindell_ v. _Titus_, 9 Heis., 727. I concur in the conclusion because, in my opinion, the jurisdiction is expressly given by the Code, sec. 4201, sub. sec. 6, a provision taken from the act of 1849, ch. 185, and not from 1852, ch. 283, sec. 3, as stated by Thompson & Steger in their revisal. An insolvent estate means one in which the personal assets are insufficient to pay debts. _Fleming_ v. _Taliaferro_, 4 Heis., 352. And this may be whether a formal suggestion of insolvency has been made or not.

The decree below must be reversed, and the bill dismissed with costs.